# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CRIMINAL ACTION NO. 13-12-DLB-EBA**
**CIVIL ACTION NO. 18-88-DLB-EBA**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**


**v.**          **ORDER ADOPTING REPORT AND RECOMMENDATION**


**RONNIE E. FRISKEY**                                              **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

      This matter is before the Court upon pro se Defendant Ronnie E. Friskey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 207). Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for the purpose of reviewing the Motion and preparing a Report and Recommendation ("R&R"). On June 14, 2019, Judge Atkins issued his R&R (Doc. # 227) wherein he recommends that Friskey's Motion be denied. Friskey having filed timely Objections to the R&R,[1] (Doc. # 228), the Government having responded to the Objections, (Doc. # 229), and Friskey having replied, (Doc. # 230), the R&R is now ripe

---

[1]     Under the prison-mailbox rule, a prisoner's filings, including objections, are deemed filed when "delivered to the proper prison authorities for forwarding to the district court." *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137, at *1–2 (6th Cir. 1994) (unpublished table decision). Defendant Friskey's Objections were due on July 1, 2019, *see* FED. R. CIV. P. 72(b); FED. R. CRIM. P. 59(b), and Defendant Friskey signed his Objections on June 26, 2019. (Doc. # 228 at 29). While the envelope in which the filing was sent is not postmarked, *see* (Doc. # 228-1), given that the filing was signed on June 26, presumably they were given to prison officials for forwarding shortly thereafter. Accordingly, the Court finds the Objections to have been timely filed.

for the Court's review.  For the reasons set forth herein, Friskey's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.  Accordingly, the Motion to Vacate (Doc. # 207) is **denied**, and Friskey's pending Motion to Expedite the processing of Defendant's Motion to Vacate (Doc. # 233), dated January 23, 2020, is **denied as moot**.[2]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2013, Friskey was indicted on two federal charges.  (Doc. # 3).  The Indictment alleges that on or about November 13, 2012, Defendant Friskey knowingly and intentionally manufactured one hundred or more plants of marijuana in violation of 21 U.S.C. § 841(a)(1), and that he knowingly possessed a firearm in furtherance of that drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  As part of his defense, Friskey filed a Motion to Suppress which was denied following an evidentiary hearing.  (Docs. # 16 and 23).  A supplemental Motion to Suppress was also filed and denied.  (Docs. # 39 and 42).  On April 9, 2015, Friskey pled guilty two both counts of the Indictment.  (Doc. # 47).  Two months later, however, Friskey moved to withdraw his guilty plea on the grounds that his attorney "did not fully explain the plea agreement [or] . . . the sentence to the defendant."  (Doc. # 56).  Friskey's request was granted, and he was permitted to withdraw his guilty plea.  (Doc. # 75).  Friskey also attempted to file a Motion to Vacate the prior Order denying his Motion to Suppress pro se, but his Motion was denied.  (Docs. # 97 and 111).

---

[2]  While housed at the Federal Prison Camp in Ashland, Kentucky Friskey wrote a letter to the clerk asking for an extension of time to file a notice of appeal if needed due to the institution's "current procedures regarding mail."  (Doc. # 231).  Friskey is now incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri.  (Doc. # 232).  Thus, to the extent Friskey's letter could be construed as a motion, it is denied as moot because he is no longer subject the mail procedures at the Federal Prison Camp in Ashland.

Ultimately, Friskey went to trial, and on March 30, 2016 he was found guilty by a jury of the drug-manufacturing crime and acquitted of the possession-of-a-firearm charge. (Doc. # 153).  He was sentenced to ninety (90) months of imprisonment followed by five years of supervised release.  (Doc. # 163).  Friskey appealed the final Judgment to the Sixth Circuit Court of Appeals, but the Judgment was affirmed.  (Docs. # 164 and 201). Friskey then filed a Petition for a Writ of Certiorari on September 22, 2017 (Doc. # 203), which was denied on November 2, 2017.  (Doc. # 204).

On May 24, 2018, Friskey filed the pending Motion to Vacate.  (Doc. # 207).  He argues in his Motion to Vacate that he is entitled to relief due to ineffective assistance of counsel.  *See id.*

## II.    ANALYSIS

### A.    Standard of Review

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may refer dispositive matters, including a motion to vacate a sentence under 28 U.S.C. § 2255, to a magistrate judge for the preparation of a report and recommendation.  *See also* FED. R. CIV. P. 72(b)(1).  The magistrate judge then conducts the necessary proceedings and files "proposed findings of fact and recommendations for the disposition" of the matter.  28 U.S.C. § 636(b)(1)(B).

Upon the issuance of an R&R, any party is permitted to file written objections to any of the findings within the R&R. (Doc. # 227 at 17) (citing 28 U.S.C. § 636(b)(1)(C)). Once filed, the referring district court judge must review the specific objections de novo and "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). However, "to the extent the Court can identify specific objections, the Court 'is not required to articulate all of the reasons it rejects a party's objections.'" *Hnatiuk v. Rapelje*, No. 06-13880, 2010 WL 2720881, at *1 (E.D. Mich. July 8, 2010) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)); *see also Tuggle v. Seabold*, 806 F.2d 85, 92 (6th Cir. 1986) (finding that it was sufficient for the district court to merely state, when adopting an R&R, that it made a de novo review of the record and of all objections to the magistrate's findings and recommendations). The objection process "is supported by sound considerations of judicial economy" as "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal— that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Only proper objections are considered by the district judge. Objections to an R&R must be "specific . . . to the proposed findings and recommendations." FED. R. Civ. P. 72(b)(2). An objection is specific and "preserves an issue when it 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (quoting *Smith v. Chater*, 121 F.3d 702, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished table decision)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Additionally, objections must do more "than state a disagreement with a magistrate's

suggested resolution" or restate those arguments that "ha[ve] been presented before."

*United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11,

2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). An

objection that "is simply a repetition of what the Magistrate Judge has already considered,

[ ] fails 'to put the Court on notice of any potential errors in the Magistrate's R&R'" and is

improper. *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1

(E.D. Ky. Dec. 26, 2017) (quoting *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016

WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016)). Finally, objections must be understandable

in order to be considered. When objections are so unclear that "even the most

perspicacious judge [would have] to guess at its meaning . . . the district court judge

should not be forced to waste time interpreting such requests." *Howard v. Sec. of Health

& Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A court should, however, construe filings from a pro se petitioner liberally, *Boswell

v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th

Cir. 1985), though this requirement is not absolute, *Martin v. Overton*, 391 F.3d 710, 714

(6th Cir. 2004). Such "[l]iberal construction does not require a court to conjure allegations

on a litigant's behalf," *id.*, and "pro se parties must still brief the issues advanced 'with

some effort at developed argumentation,'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155,

157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)).

Additionally, a pro se petitioner is not exempt from following the rules of the court.

*Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich.

Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of the court."). Given this, Friskey's objections will be construed leniently by the Court, but those that are *clearly improper* will not be considered.

## B. Friskey's Objections

Reading Friskey's Objections liberally as required, *see Boswell*, 169 F.3d at 387; *Franklin*, 765 F.2d at 84–85, he raises objections to the three main conclusions reached in Judge Atkins's R&R. His objections to each conclusion will be addressed in turn.

### 1. Failure to Challenge Initial Entry

First Friskey objects to Judge Atkins's conclusion that Friskey's attorney was not ineffective for failing to challenge the initial entry of police into Friskey's home. (Doc. # 228 at 1–16). This initial set of objections merely amounts to an attempt to relitigate issues previously before Judge Atkins, this Court, and the Sixth Circuit Court of Appeals. To start, many of his arguments are repetitive, and at times are verbatim copies, of the arguments Friskey put forth in his "Motion in Opposition to the Government's Response to Friskey"s [sic] Motion to Vacate"—effectively his reply in support of his Motion to Vacate. *Compare* (Doc. # 217 at 5–6, 9, 12), *with* (Doc. # 228 at 2–3); *compare* (Doc. # 217 at 10–11), *with* (Doc. # 228 at 7–8); *compare* (Doc. # 217 at 12–14), *with* (Doc. # 228 at 9); *compare* (Doc. # 217 at 30–31), *with* (Doc. # 228 at 11); *compare* (Doc. # 217 at 20–22), *with* (Doc. # 228 at 12–14); *compare* (Doc. # 217 at 9), *with* (Doc. # 228 at 15). Objections that merely restate the arguments that were before the magistrate judge are improper. *Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1.

Moreover, the majority of his arguments fail to cite to areas of Judge Atkins's R&R with which Friskey takes issue, *see* (Doc. # 228 at 1–16); therefore, the objections lack specificity and are improper on that ground as well, *see Robert v. Tesson*, 507 F.3d 981, 994; Fed. R. Civ. P. 72(b)(2).

Beyond that, Friskey's objections appear to be an attempt to relitigate his "Motion to Vacate Order Denying Motion to Suppress Illegally Obtained Evidence Based On Ineffective Assistance of Counsel." (Doc. # 97). In that Motion, Friskey contested the initial entry of police into his home and alleged ineffective assistance of his attorney for failing to raise the issue. *See id.* This Court acknowledged that it was not "in the interest of fairness or judicial economy to wait until after the potential conviction" to address the ineffective-assistance-of-counsel claim as is typical, (Doc. # 111 at 3), and determined that the claim failed, *id.* at 6 and 9. Specifically, the Court found, as it had previously found in denying Friskey's Motion to Suppress, that the warrantless entry into Defendant's home was supported by probable cause and therefore lawful. *Id.* at 6–7 (citing (Doc. # 23)). The Court concluded that counsel was not ineffective because "even if counsel had made the arguments Defendant wanted him to make with respect to the initial entry [during the suppression hearing], the facts as found by the Court were sufficient to establish probable cause." *Id.* at 7. As the undersigned found that counsel's performance was not prejudicial with respect to the warrantless-entry issue, counsel was not ineffective. *Id.* The Court will not again relitigate an issue that it has twice previously decided.[3]

---

[3] The Court found the initial entry to be lawful in its Order denying the Motion to Suppress, even though the issue was not raised in the suppression motion, (Doc. # 23 at 5–6), and in its Order denying the "Motion to Vacate Order Denying Motion to Suppress Illegally Obtained Evidence Based On Ineffective Assistance of Counsel," (Doc. # 111 at 6–7).

Finally, the issue of the warrantless entry was before the Sixth Circuit Court of Appeals, which found that the undersigned did not plainly err by "concluding that officers had probable cause to believe there was a burglary in progress inside Friskey's house" and therefore exigent circumstances allowed the officers to enter the home. (Doc. # 201 at 4–5). "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). No such exceptional circumstances appear to be present here. Additionally, Friskey's Motion to Vacate and objections to Judge Atkins's conclusion regarding the warrantless entry appear to be a thinly veiled attempt to revisit an issue previously disposed of by the Sixth Circuit. While the Circuit did not address whether Friskey's counsel was ineffective for failing to raise the warrantless-entry issue, it did find that "the officers' initial entry into the home was permissible." (Doc. # 201 at 4–5). In essence, the Circuit affirmed this Court's prior finding that the initial entry into the home was not illegal. *Compare* (Doc. # 23 at 5–6) and (Doc. # 111 at 6–7), *with* (Doc. # 201 at 4–5). Based on its previous decisions and the finding of the Circuit, the Court agrees with Judge Atkins that Friskey has failed to show that his attorney's failure to raise the warrantless-entry issue was deficient or would have prejudiced him in any way; therefore Friskey cannot make out a claim of ineffective assistance. *See* (Doc. # 227 at 12–14). For all these reasons, Friskey's objections in this section of his filing are **overruled**.

### 2. *Sentence Based on Acquitted Conduct*

Next Friskey "objects to being 'enhanced' on acquitted conduct." (Doc. # 228 at 16). When Friskey was sentenced, the Court imposed a two-level enhancement for

possession of a dangerous weapon, even though the jury acquitted him of the gun charge, because "the preponderance-of-the-evidence standard used in the sentencing manual is far less stringent" than the beyond-a-reasonable-doubt standard that the jury is required to use. (Doc. # 227 at 14–15) (quoting (Doc. # 190 at 26)); *see also* (Doc. # 190 at 14–15). Friskey's Motion to Vacate claims that his attorney was ineffective for allowing this enhancement to be applied to him. (Doc. # 227 at 14) (explaining Friskey's claim). In this set of objections, he more specifically claims that his appellate attorney was ineffective "for not raising . . . [a number of] issues on Friskey's direct appeal to the Sixth Circuit," (Doc. # 228 at 16), and alludes that his sentencing counsel was ineffective for simply objecting to the enhancement without making arguments as to why it was inappropriate, *id.* at 23.

Again, however, Friskey's objections are improper. As with his previous set of objections, he makes precious few references to Judge Atkins's R&R, and therefore many of his objections are not specific. *See id.* at 16–24. Moreover, the objections again parrot those arguments presented in Friskey's initial Motion to Vacate and his "Motion in Opposition to the Government's Response to Friskey"s [sic] Motion to Vacate." *Compare,* (Doc. # 207-1 at 11–13), *with* (Doc. # 228 at 17–18); *compare* (Doc. # 217 at 33–35), *with* (Doc. # 228 at 17–19); *compare* (Doc. # 217 at 35–36), *with* (Doc. # 228 at 21–22). Additionally, the issue of whether Friskey's sentence was improperly enhanced was taken up by the Sixth Circuit on direct appeal. *See* (Doc. # 201 at 7–9). The Circuit affirmed the enhancement, and no exceptional circumstances exist which would require the Court to revisit that decision. *See Jones*, 178 F.3d at 796. For these reasons, the majority of Friskey's objections in this section of the filing are **overruled** as improper.

Reading Friskey's objections liberally as required, *see Boswell*, 169 F.3d at 387; *Franklin*, 765 F.2d at 84–85, it appears that Friskey did specifically object to Judge Atkins's reference to *United States v. Greeno*, 679 F.3d 510 (6th Cir. 2012). (Doc. # 228 at 20–21). He appears to suggest that the *Greeno* analysis applies only to cases where an enhancement is challenged on Second Amendment grounds, and appears to claim that he is challenging his enhancement on Sixth Amendment grounds. *Id.* Judge Atkins's R&R, however, merely notes that *Greeno* was cited by the Sixth Circuit in drawing its conclusion that Friskey "failed to show it was clearly improbable that the .22-caliber rifle was connected to his manufacture of marijuana, [so] the district court did not clearly err in applying the § 2D1.1(b)(1) enhancement." (Doc. # 227 at 15) (quoting (Doc. # 201 at 9)). Judge Atkins does not appear to rely on *Greeno* himself in drawing his conclusions in the R&R. *Id.* Additionally, the Circuit was correct in citing to *Greeno* in support of its holding as *Greeno* is a similar case where a 2D1.1 enhancement was affirmed by the Circuit after the district court concluded that the defendant "had failed to produce any evidence demonstrating that it was clearly improbable that the weapon was connected to the offense." *See Greeno*, 679 F.3d at 513, 515. The fact that the Circuit in *Greeno* separately considered whether the enhancement violated the Second Amendment, and ultimately found that it did not, is immaterial to the Circuit's prior finding in *Greeno* that there was sufficient evidence to support application of the enhancement. *See id.* at 521.

Moreover, Friskey's apparent argument that the sentencing enhancement based on acquitted conduct violated his Sixth Amendment rights is misplaced. "[T]he Supreme Court has confirmed that sentencing courts may look to uncharged criminal conduct, indeed even acquitted conduct, to enhance a sentence within the statutorily authorized

range." *United States v. Rayyan*, 885 F.3d 436, 661 (6th Cir. 2018) (citing *Witte v. United States*, 515 U.S. 389, 399–400 (1995); *United States v. Watts*, 519 U.S. 148, 156–57 (1997)). Sentencing in such a way does not deprive the defendant of the presumption of innocence or right to jury trial. *United States v. McShan*, 757 F. App'x 454, 466 (6th Cir. 2018) (citing *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (en banc)); *see also Rayyan*, 885 F.3d at 441 (6th Cir. 2018) (indicating that sentencing in this way does not violate the Fifth or Sixth Amendments). *Nelson v. Colorado*, a case frequently cited by Friskey, *see generally* (Doc. # 228 at 16–24) (citing *Nelson*, 137 S. Ct. 1249 (2017)), did not abrogate this rule. *McShan*, 757 F. App'x at 466–67. Thus, the Court's reliance on acquitted conduct during sentencing was not a Sixth Amendment violation as suggested by Friskey. Finally, Friskey has failed to show, given the Circuit's conclusion that the sentencing enhancement was warranted, how counsel's performance, even if deficient, prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 694–95 (1984) (indicating that in order to show prejudice, a requirement of an ineffective-assistance-of-counsel claim, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different"). Therefore, to the extent that Friskey's objections to this section of the R&R are proper, they are also **overruled**.

### 3.   *Failure to Investigate and Call Witnesses*

Finally, Friskey objects to the Judge Atkins's conclusion that his attorney's alleged failure to investigate and call witnesses did not rise to the level of ineffective assistance of counsel. (Doc. # 228 at 24–28). Friskey begins by extensively quoting from Judge Atkins's R&R, which explains that Friskey failed to submit affidavits from potential

witnesses which describe what they would have testified to "or how their testimony would have affected the outcome." *Id.* at 24–25 (quoting Doc. # 227 at 10). In his objection, Friskey claims that "the [i]dea that Friskey would need sworn statements from potential witnesses inorder [sic] to achieve and [sic] ineffective assistance claim is erroneous and substantively unfair to Friskey" given his current incarceration, amount of time since trial, and lack of knowledge of the exact identities of the potential witnesses. *Id.* at 25. He then claims "it is unprecedented that a defendant would require affidavits to prove a ineffective assistance claim." *Id.* While Judge Atkins put forth case law from this District in reaching his conclusion, see (Doc. # 227 at 10) (citing *United States v. Strickland*, No. 5:15-cr-79-DCR-HAI-2, 2018 WL 1867165, at *8 (E.D. Ky. Jan 22, 2018)), Friskey has failed to present any cases or law in support of his objections. In effect, Friskey claims that Judge Atkins's conclusion is wrong, but Friskey fails to "brief the issues advanced 'with some effort at developed argumentation'" as required. *Coleman*, 79 F. App'x at 157 (quoting *Reed*, 167 F.3d at 993). Additionally, without affidavits or other proof beyond his own beliefs showing that "their testimony would have been essential to securing a different outcome in his case," the Court agrees with Judge Atkins's conclusion that Friskey "has not met his burden of proving that counsel's alleged errors caused him to lose what he otherwise would probably have won." (Doc. # 227 at 11–12) (citing *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)). Thus, Friskey has failed to show how the alleged errors rose to the level of ineffective assistance. *Id.* at 9–12. To the extent these objections are proper, they are **overruled**.

Next, while his argument is not completely clear, Friskey appears to indicate that some of the witnesses who should or could have been called would testify to facts

surrounding the initial entry into Friskey's home. (Doc. # 228 at 26–27). He claims that "[t]hese witnesses were essential to Friskey's defense in that his whole case hung in the balance of whether this was a legal entry in to [sic] his home." *Id.* at 28. This apparent argument indicates yet another attempt to relitigate the warrantless-entry issue, which the Court and the Circuit has already found was proper; additionally, the failure to challenge that entry did not rise to the level of ineffective assistance of counsel, *see supra*. The Court will not again re-address this issue.

Finally, the remainder of Friskey's objections in this section appear to be merely repetitive of arguments that were before Judge Atkins. *Compare, e.g.*, (Doc. # 217 at 4), *with* (Doc. # 228 at 27). Such repetitive arguments are not proper. *Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1. For all of these reasons, this final set of objections is **overruled**.

## III. CONCLUSION

In sum, Friskey fails to raise any non-repetitive, specific, discernable, and meritorious legal objections to Judge Atkins's conclusions. Accordingly, for the reasons set forth herein, Friskey's Objections are **overruled**. Additionally, the Court has reviewed Judge Atkins's R&R and finds that it is sound in its analysis and conclusions. Having found no clear objections that have merit, having carefully reviewed Judge Atkins's R&R, and agreeing with his analysis and conclusions,

**IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 227) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)     Defendant's Objections (Doc. # 228) are hereby **OVERRULED** as set forth herein;

(3)     Defendant's Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. # 207) is hereby **DENED**;

(4)     Defendant's Motion to Expedite Defendant's 28 U.S.C. § 2255 (Doc. # 233) is **DENIED AS MOOT**;

(5)     This matter is hereby **DISMISSED** and **STRICKEN** from the Court's Active docket;

(6)     For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 227), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(7)     A separate Judgment will be filed concurrently herewith.

This 7th day of February, 2020.



Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\Covington Criminal\2013\13-12 Order Adopting 2255 R&R.docx